IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: _____

LYNETTE K. BOHANNON,

      Plaintiff

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and
SHELTER MUTUAL INSURANCE COMPANY,

      Defendants

---

## NOTICE OF REMOVAL

---

Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "Defendant State Farm"), by and through their counsel, CAIN & WHITE, LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully files this Notice of Removal of the above-captioned action from the District Court for the County of Pueblo, State of Colorado, to the United States District Court for the District of Colorado.

As grounds for removal, Defendant State Farm states as follows:

### Certification pursuant to D.C.COLO.LCivR. 7.1

The undersigned has conferred with counsel for Plaintiff [as well as Co-Defendant Shelter Mutual Insurance Company] who were **unopposed** to this Notice of Removal.

1. On or about February 16, 2016, Plaintiff filed her Complaint and Demand for Jury Trial against Defendants State Farm and Shelter Mutual Insurance Company in the

Pueblo County District Court in a case entitled *Lynette K. Bohannon v. State Farm Mutual Automobile Insurance Company and Shelter Mutual Insurance Company*; Case No. 2016CV030137.

2.    Service of the Summons and  Complaint & Demand for Jury Trial on Defendant State Farm was apparently effected, through the Colorado Division of Insurance, on or about February 24, 2016. (A copy of the Summons, District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint, Complaint & Demand for Jury Trial, and Affidavit of Service is attached hereto as **Exhibit A**.).

3.    Related to the timing of the filing of this Notice of Removal to federal court, 28 U.S.C. section 1446(b)(2)(B) states that "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."   28 U.S.C. § 1446(b)(2)(B).

4.    This action is one in which the district courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1332 because (1) diversity of citizenship exists between Plaintiff and Defendants State Farm (as well as, upon information and belief and based upon the allegations contained in Plaintiff's Complaint, Shelter Mutual Insurance Company); and (2) the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Pursuant to 28 U.S.C. § 1441(d), the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court of Pueblo County, Colorado, where this action is pending.

5.    Pursuant to the allegations of the Complaint and Demand for Jury Trial of Plaintiff filed in Pueblo County District Court Case No. 2016CV030137, Plaintiff is a citizen of the State of Colorado. (*See* para. 1 of Plaintiff's Complaint attached as **Exhibit A**.)

6.    Furthermore, at all times relevant hereto, Defendant State Farm was and is a foreign corporation/insurance company licensed to write uninsured/underinsured motorist insurance in the State of Colorado.    (See the Periodic Report of Defendant State Farm which was filed with the Colorado Secretary of State on December 23, 2015, attached hereto as **Exhibit B**.)  Specifically, Defendant State Farm is an Illinois corporation with its principal place of business in the State of Illinois.

7.    Additionally, at all times relevant hereto, it is not disputed that Defendant Shelter Mutual Insurance Company was and is a foreign corporation/insurance company conducting business in the State of Colorado.    (See the Periodic Report of Defendant Shelter which was filed with the Colorado Secretary of State on October 26, 2015, attached hereto as **Exhibit C**; see also the Company Consumer Inquiry for the State of Colorado search results noting that Co-Defendant Shelter was registered with the Colorado Division of Insurance as of September 28, 1966, a copy of which is attached hereto as **Exhibit D**.)  Specifically, Defendant Shelter is a Missouri company with their principal place of business in the State of Missouri. (See **Exhibit C**.)

8.      Neither of the Defendants are citizens of the State of Colorado.  As such, complete diversity of citizenship exists between Plaintiff (a resident of the State of Colorado) and Defendants.

9.      When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014).    The U.S. Supreme Court recognized the observation of the House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011 that "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.   Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. . . ."  *Id.* (quoting H.R.Rep. No. 112-10, p. 16 (2011).)   In sum, as specified in 28 U.S.C. section 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Id.*

10.     In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint.  *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940).   The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce.  *Id.*; see also *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (the sum for the amount in controversy can be either in value of what plaintiff seeks

or what defendant may lose).

11.    The defendant does not have to prove the legal conclusion that the statutory amount is, in fact, in controversy or that the plaintiff will, in fact, recover that amount. _McPhail_, 529 F.3d at 955-56. The amount in controversy is not proof of the amount that the plaintiff will recover. _Id_. at 956. Rather, it is an estimate of the amount that will be put at issue in the course of litigation. _Id_.

12.    In the present case, the amount in controversy being raised by Plaintiff in this matter exceeds $75,000.00. In the District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third Party Complaint, Plaintiff states that she "is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs." (See para. 2 of the District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint attached as **Exhibit A**.)

13.    In addition, Plaintiff, in her Complaint, alleges that, as a result of the subject accident, she "suffered permanent injuries, and incurred reasonable and necessary medical expenses." (See para. 17 of the Complaint attached as **Exhibit A**.)

14.    On October 7, 2015, and again on December 21, 2015, counsel for Plaintiff submitted demands upon Defendant State Farm for combined policy limits of $100,000.00. (See the correspondence dated October 7, 2015, and December 21, 2015 attached collectively as **Exhibit E r**edacting the confidential contents of the letters except for the address information, the amount demanded, and the signature

of counsel for Plaintiff.)

15.   As such, as demonstrated in the demands submitted by Plaintiff to Defendant State Farm, as well as her District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint taken in combination with the Complaint, the amount in controversy clearly exceeds the $75,000.00 jurisdictional threshold.

16.   The State District Court with jurisdiction over this matter is the District Court of Pueblo County, Colorado.

17.   Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders in the state case file of which Defendant State Farm is aware are filed concurrently with this Notice.

18.   In addition, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court for Pueblo County, Colorado, and a copy has been served on Plaintiff as indicated on the attached Certificate of Service.

WHEREFORE, Defendant State Farm Insurance, A Mutual Company, hereby removes this action from the District Court of Pueblo County, Colorado to the United States District Court for the District of Colorado.

Respectfully submitted on this the 25th day of March, 2016.

CAIN & WHITE, LLP

_____

Craig W. Cain, No. 15930
Jennifer L. White, No. 36466
1555 Quail Lake Loop, Suite 100
Colorado Springs, Colorado  80906
Telephone:  (719) 575-0010
Facsimile:  (719) 575-0020
E-mail:  ccain@cainwhitelaw.com
E-mail:  jwhite@cainwhitelaw.com
***Attorneys for Defendant State Farm Mutual
Automobile Insurance Company***